**Anjali JAMES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73140.

Agency No. A78–638–334.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Emily A. Radford, Aviva Poczter, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Anjali James, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT").

James does not challenge the IJ's adverse credibility finding or the merits determination in her opening brief. These issues are therefore waived and we do not reach them. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

James' sole contention on appeal is that the IJ violated her due process rights by limiting her testimony. We have jurisdic-

tion pursuant to 8 U.S.C. § 1252, and deny the petition. The petitioner has failed to show how the IJ's conduct potentially affected the outcome of the proceedings when the IJ's adverse credibility determination was based on James' previous false asylum application and her failure to produce corroborating documentation regarding her religion. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002) (holding that petitioner is required to show how the IJ's conduct potentially affected the outcome of the proceeding in order to succeed on a due process claim); *Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001) (holding that substantial evidence supports an adverse credibility determination when two materially different asylum applications are filed).

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

